### H. HORTON v. MCKEEHAN BROS.

(No. 2728, Op. Book No. 4, p. —.)

APPEAL from Jack County.    Opinion by HURT, J.

§ 465. *Amount in controversy, and not amount of judgment, determines jurisdiction on appeal from justice to county court.*    Horton sued McKeehan Bros. on a sworn account for $200 in justice's court.    Judgment was rendered against him, and he appealed to the county court, where, upon motion, his appeal was dismissed.    One ground of the motion was that neither the judgment of the justice nor the amount in controversy exceeded $20.    The judgment of the justice was for the costs, amounting to $4.80, but the amount in controversy was $200, and it is "the amount in controversy" which determines jurisdiction on appeal.

§ 466. *One day's notice of motion for new trial in justice's court; failure to give, when no ground for complaint.*    Another ground of the motion to dismiss in the county court was that "the plaintiff filed no motion for new trial in the lower court of which defendant had one day's notice, as required by law."    While the statute requires the one day's notice of a motion for new trial before hearing thereof in the justice's court [Rev. Stats. art. 1621], still it cannot be seen how a party could possibly be injured by or has any ground to complain that he did not have the notice, where the motion was, as in this case, overruled.    Had he been notified, and had he appeared, he could not have accomplished more than the defeat of the motion.

**§ 467. *Final judgment.*** Another ground of the motion to dismiss was that there was no final judgment in the justice's court. The judgment was as follows: "It appearing to the court, after hearing the evidence in the case, that the plaintiff is not entitled to recover anything of said defendants, it is therefore ordered and adjudged by the court that the plaintiff in the above cause pay all costs of suit, which is $4.80 to date." *Held,* that it is a final judgment against plaintiff's right to recover and for costs against him, there can be no doubt.

**§ 468. *Appeal bond.*** Where the appeal bond is in conformity with the statute in all respects save that the obligors bound themselves to prosecute the appeal "*with*" effect instead of "*to*" effect, *held,* the bond was sufficient.

**§ 469. *Appeal bond not necessary to be signed by principal.*** The appeal bond was signed by West, as agent and attorney in fact of Horton. It was also signed by the sureties. *Held,* that it was not necessary to the sufficiency of the bond that it should be signed by the party appealing, and if it were, this could be done by his agent.

May 23, 1883.    Reversed and remanded.